IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

FRANKLIN L. VICKERS, deceased,
o/b/o MATTHEW VICKERS,

                                                    PLAINTIFF

v.                             Case No. 3:06-cv-3023

MICHAEL J. ASTRUE,[1] Commissioner                                        DEFENDANT
Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

      Plaintiff, Franklin L. Vickers, deceased o/b/o/ Matthew Vickers, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

      Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm L. Hendren referred this case the Honorable Barry A. Bryant for the purpose of making a report and recommendation.  The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **AFFIRMED**.

**1. Procedural Background:**

      Plaintiff filed his applications for DIB and SSI on February 4, 2003, alleging an onset date

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

of November 27, 2002. (Tr. 51).[2]  Plaintiff's impairments included cerebrovascular disease and eyesight problems caused by diabetes. (Tr. 70). Plaintiff's applications were denied initially and on reconsideration. (Tr. 22, 29, 273, 279).  Pursuant to Plaintiff's request, a hearing before an Administrative Law Judge (ALJ) was held on September 29, 2004.  The Plaintiff was present and represented by counsel, Fredrick Spencer, at the hearing.  Also testifying was, Sarah Moore, a vocational expert (VE). (Tr. 281-312).   After considering all of the evidence of record, the ALJ rendered a decision on August 11, 2005, finding the Plaintiff was not disabled within meaning of the Act at anytime during the relevant time period. (Tr.11-17). The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 3, 2006. (Tr. 3-5).  The Plaintiff did not submit an Appeal Brief.  The Defendant has filed his Appeal brief and this matter is ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See*

---

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the Plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

At the administrative hearing on September 29, 2004, Plaintiff testified that he stopped working when he had a stroke in November, 2002 (Tr. 291, 293). He subsequently returned to work as a truck driver in December, 2003. (Tr. 289-90).[3] He died at a truck stop in New Mexico on February 22, 2005, of staphylococcus aureus infection as a consequence of bronchopneumonia (Tr. 56, 58).

The Plaintiff brought the present appeal and has not filed an appeal brief or otherwise indicated to this Court how the ALJ erred in denying the Plaintiff's disability claim. Without the benefit of an appeal brief from the Plaintiff specifying the error made by the ALJ, the Court will review the entire transcript and the Defendant's brief in this case in order to determine whether there is substantial evidence in the record to support the ALJ's disability determination. *See* 42 U.S.C. § 405(g). If there is substantial evidence in the record to support the ALJ's disability determination, then the decision of the ALJ must be affirmed. *See id.*

In this case, The ALJ properly set forth the five step evaluation that must be performed to determine whether a claimant is disabled. (Tr. 12). The ALJ then discussed and applied this sequential evaluation in arriving at his decision and findings. (Tr. 12-16).

---

[3]At the administrative hearing, Plaintiff's representative agreed the period of disability was a closed period from November 27, 2002, through December 1, 2003. (Tr. 11).

In step one, a determination is made whether Plaintiff engaged in substantial gainful activity (SGA) during the alleged disability period. SGA is defined as work that involves doing significant physical or mental activity. *See* 20 C.F.R. §§ 404.1572 and 416.972. Substantial evidence supports the ALJ's determination that Plaintiff did not engage in SGA at any time from November 27, 2002, through December 1, 2003.

If a claimant is not engaged in SGA, the ALJ must next determine whether the Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The record medical evidence shows that from November 27, 2002 through December 1, 2003, Plaintiff did suffer from impairments considered to be severe within the meaning of the social security regulations. These impairments included the effects from cerebrovascular disease and eyesight problems caused by diabetes mellitus. (Tr.70). However, there was no evidence in the record that showed Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of proof to establish that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).

Since the medical evidence indicates the Plaintiff had an impairment considered to be severe, but not severe enough to meet or medically equal one of the impairments set forth in the Listing of Impairments, the ALJ must then make a determination of whether Plaintiff retained the Residual

Functional Capacity (RFC) to perform the requirements of his past relevant work (PRW) or other work existing in significant numbers in the national economy. RFC is defined as the most an individual can still do after considering the effects of physical and medical limitations that affect the ability to perform work related activities. *See* 20 C.F.R. §§ 404.1545 and 416.945.

In making this RFC finding, the ALJ must consider the medical evidence and the credibility of Plaintiff's subjective complaints of limitation. (Tr. 13-14). In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). These five *Polaski* factors must be analyzed in light of the claimant's subjective complaints of pain and discomfort. The factors are: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See id.* at 1322. The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant. *See Lowe v. Apfel,* 226 F.3d 969, 371-72 (8th Cir. 2000).

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In this case, the ALJ did not simply discredit Plaintiff's subjective complaints without explanation. The ALJ applied the factors enumerated in *Polaski*, and determined based upon the record as a whole, Plaintiff's complaints were not credible to the extent alleged. In evaluating Plaintiff's credibility, the ALJ reviewed the medical evidence. (Tr. 13-14). The lack of objective medical evidence in support of Plaintiff's subjective complaints is one important factor, out of many, for consideration by the ALJ when evaluating Plaintiff's allegations of disabling symptoms. *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999); *Brown v. Chater*, 87 F.3d 963, 964 (8th Cir. 1996). The ALJ found that the medical evidence supports an RFC for medium work, and that the medical evidence is inconsistent with Plaintiff's complaint that poor eyesight and residual effects of a stroke which prevented him from working for more than a year. (Tr. 13-14).

Medical records indicated that Plaintiff entered Kino Community Hospital in Tucson, Arizona, on November 27, 2002, after experiencing slurred speech and difficulty with his handwriting. (Tr. 116). Dr. Henning Answorg diagnosed Plaintiff with a left-sided stroke, hypertension, and diabetes mellitus. (Tr. 117). He discharged Plaintiff from the hospital on November 30, 2002, after treatment with aspirin and other medications, and instructed him to follow up with his primary care physician. (Tr. 117-18). Plaintiff's follow-up medical records show that his condition improved to the extent that he regained the ability to return to his past relevant work within one-year of the date of his stroke, and thus was not disabled. *See* 20 C.F.R. §§ 404.1509, 416.909 (in order to be disabling, impairment must have lasted or be expected to last for a continuous period of at least twelve months, or be expected to result in death). Upon his return home to Arkansas, Plaintiff sought treatment with Dr. Bethany Knight, M.D., at the Community Medical Center of Izard County on December 13, 2002. (Tr. 154). Dr. Knight continued Plaintiff's

7

medications (Tr. 154), and Plaintiff reported "feeling well" in January, 2003. (Tr. 153).

A medical record from the Sneed Eye Clinic in Mountain Home, Arkansas, dated February 5, 2003, indicates that Plaintiff lost the frontal vision in his right eye six years prior to the stroke, but he retained peripheral vision in his right eye. (Tr. 135). Because Plaintiff worked for several years with his impaired vision, this impairment cannot be considered disabling. *See Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (claimant worked for years with her impairments).

On May 5, 2003, Dr. Knight completed a Medical Examination Report for Commercial Driver Fitness Determination for Plaintiff. (Tr. 161). Dr. Knight noted Plaintiff's November, 2002, stroke, but reported that Plaintiff had no residual loss of motor skills from that event. (Tr. 161). Dr. Knight noted that Plaintiff's diabetes and hyperlipidemia were controlled by medication. (Tr. 161). Dr. Knight reported Plaintiff had 20/40 corrected vision in his right eye, and 20/30 corrected vision in his left eye. (Tr. 163). Dr. Knight certified that Plaintiff met the standards set forth in 49 C.F.R. § 391.41 to qualify for a two-year driving certificate. (Tr. 162, 164). Effectively, Dr. Knight certified that Plaintiff could return to work as a truck driver five months after his stroke.[4] Further, no physician contradicted Dr. Knight's opinion that Plaintiff met the standards for a two-year commercial driving certificate. (Tr. 162, 164). Medical records from Central Arkansas HCS show Plaintiff had very slight arm weakness and slight weakness in the head turn to the right on June 13, 2003. However, he had good strength in all other muscles, with normal strength in his lower extremities. (Tr. 263). After reviewing Plaintiff's medical records, a state agency physician opined Plaintiff could lift and carry up to 50 pounds occasionally and twenty-five pounds frequently, stand

---

[4]Generally a treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence. *See Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

and walk six hours per eight-hour workday, and sit six hours per eight-hour workday. (Tr. 138). The medical evidence of record, particularly the treating physician's opinion that Plaintiff satisfied the standards for a two-year commercial driver's license, is inconsistent with Plaintiff's subjective complaints and supports the ALJ's determination that Plaintiff had the RFC for a wide range of medium work activity. (Tr. 14).

The ALJ properly accounted for Plaintiff's slight right arm weakness and limited vision in his right eye when he limited Plaintiff to work that required no more than occasional overhead work with his right arm, and would accommodate severe limitations in his right visual field to the front with somewhat less loss in right peripheral vision. (Tr. 14). At the administrative hearing, a vocational expert testified that Plaintiff's past work as a truck driver was actually performed by him at the light and heavy levels of exertion, but that the job of truck driver is semiskilled, medium work as generally performed in the national economy. (Tr. 305). In response to the ALJ's hypothetical question, which assumed an individual of Plaintiff's age, education, work experience, and residual functional capacity for a wide range of medium work, the vocational expert testified that such a person could perform Plaintiff's past relevant work as a truck driver. (Tr. 306-08). Vocational expert testimony is not required at step four of the sequential evaluation. *See Lewis v. Barnhart*, 353 F.3d 642, 648 (8th Cir. 2003); *Banks v. Massanari*, 258 F.3d 820, 827 (8th Cir. 2001). However, vocational expert testimony may be used to show that a claimant can perform his past relevant work. *See Depover v. Barnhart*, 349 F.3d at 567 (vocational expert's response to properly posed hypothetical question supplied substantial evidence to support ALJ's finding that claimant could return to past relevant work). Therefore, the ALJ properly relied on the vocational expert's testimony to find that Plaintiff was not disabled because he could perform his past relevant work. (Tr. 14-15).

**4. Conclusion:**

It is the Plaintiff's burden to establish that he is disabled. *See Cox v. Apfel*, 160 F.3d at 1206. This Court has reviewed all of the relevant medical records and briefing in the case, and the Plaintiff has not met his burden. Accordingly, after a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. Accordingly, I recommend that the Commissioner's decision be affirmed, and the Plaintiff's complaint dismissed with prejudice.

**Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.** *See* **28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days after service shall bar an aggrieved party from** *de novo* **review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the court except on grounds of plain error or manifest injustice.**

**ENTERED** this **14th day of May, 2007.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE